MCGREGOR W. SCOTT
United States Attorney
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

NADIA C. PRINZ
Trial Attorney
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
1400 New York Avenue NW, Suite 600
Washington, DC 20005
Telephone: (202) 514-3740
Facsimile: (202) 514-1793
E-mail: nadia.prinz @usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>MATTHEW SHEFFIELD,<br><br>                                    Defendant. | CASE NO.  1:19-CR-00180 DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>PROPOSED DATE: August 24, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

        This case is set for a status conference on May 26, 2020.  On April 17, 2020, this Court issued

General Order 617, which suspends all jury trials in the Eastern District of California scheduled to

commence before June 15, 2020, and allows district judges to continue all criminal matters to a date

after June 1.  This and previous General Orders were entered to address public health concerns related to

COVID-19.

        Although the General Orders address the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-

1

endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules. In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, stipulate as follows:

1.      By previous order, this matter was set for a status conference on May 26, 2020.

2.      By this stipulation, the parties move to continue the status conference until August 24, 2020, and to exclude time between May 26, 2020, and August 24, 2020.

3.      The parties stipulate, and request that the Court find the following:

    a)      Counsel for defendant desires additional time to consult with his client, to review the current charges and conduct additional investigation and research related to the charges, to discuss potential resolutions with his client, and to evaluate and potentially prepare pretrial motions.  In part this is because the government has continued its investigation of the crimes, the government has provided additional discovery, anticipates sharing additional reports in discovery, and counsel and the defendant will benefit from additional time to consider this new material.

    b)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    c)      The government does not object to the continuance and joins in the request.

    d)      In addition to the public health concerns cited by General Orders 611, 612 and 617 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.  For these reasons, the court encouraged on April 27, 2020,

the parties to enter this stipulation.

e)      Based on the above-stated findings, the ends of justice are served by continuing the case as requested and outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 26, 2020, to August 24, 2020, inclusive, is deemed excludable under 18 U.S.C.§ 3161(h)(7)(A), and (B)(iv), because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 27, 2020                          McGREGOR W. SCOTT
                                                United States Attorney


                                                 /s/ David Gappa
                                                David L. Gappa
                                                Assistant United States Attorney


                                                /s/ John Garland
Dated:  April 27, 2020                          (authorized on 4/27/20)
                                                John Garland
                                                Counsel for Defendant
                                                MATTHEW SHEFFIELD

## ORDER

IT IS SO ORDERED that the Status Conference is continued from May 26, 2020 to **August 24, 2020 at 1:00 PM before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), and (B)(iv).


IT IS SO ORDERED.

Dated:   __April 27, 2020__                    __/s/ Barbara A. McAuliffe__

UNITED STATES MAGISTRATE JUDGE