PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>    v.<br><br>MATTHEW SHEFFIELD,<br><br>  Defendant. | CASE NO. 1:19-CR-00180-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>PROPOSED DATE: June 8, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is scheduled for a status conference on March 9, 2022, but the parties have agreed to move this hearing to June 8, 2022. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). The court issued General Order 640 on December 21, 2021, which found that public health conditions had not improved significantly and justified an additional ninety-day extension of previous orders related to court proceedings.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

These orders were entered to address public health concerns related to COVID-19.  Although the general orders address district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the general orders require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The general orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus pandemic poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

In light of the societal context created by the foregoing, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7).  When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1. By previous order this matter was set for a status conference hearing on March 9, 2022. The Court more recently has invited a continuance of this hearing if counsel do not believe that anything substantial can be accomplished at the currently scheduled hearing. By this stipulation, the parties agree that the next status conference be scheduled for June 8, 2022, and to exclude time between March 9, 2002, and June 8, 2022, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

2. The parties agree, and request that the Court find the following:

   a) Counsel for the Government and Mr. Sheffield negotiated a proposed resolution of the case which resulted in a proposed Plea Agreement in January 2021.

   b) Between January and December 2021, counsel met with Mr. Sheffield at the Fresno County Jail on ten separate occasions, and counsel was denied meetings with him on two occasions because Mr. Sheffield's POD was on COVID-19 quarantine. The purpose of each meeting was to discuss the evidence produced in discovery, the United States Sentencing Guidelines and how they applied to Mr. Sheffield, and the proposed Plea Agreement. The proposed Plea Agreement had an expiration date of January 19, 2022, and as of December 2021,

the case was very close to being resolved.

      c)    On January 2, 2022, counsel for the Government advised counsel for Mr. Sheffield that the proposed Plea Agreement was rescinded because the Government's continuing investigation of the crimes recently discovered evidence of additional offense-related conduct. This new evidence was produced to Mr. Sheffield and counsel, and resulted in a revised proposed Plea Agreement, which was sent to counsel for Mr. Sheffield on February 2, 2022. The revised proposed Plea Agreement had an expiration date of March 1, 2022.

      d)    Counsel for Mr. Sheffield has attempted to meet with him in the Fresno County Jail on February 7, 10, 20, 22, 28, and March 1, 2022. On each occasion, counsel has been denied meetings with Mr. Sheffield because his POD was on COVID-19 quarantine. As of this date, counsel has not had an opportunity to review and discuss the revised proposed Plea Agreement with Mr. Sheffield. Counsel spoke with the medical staff at the Fresno County Jail on March 1, 2022, and was informed that the quarantine on Mr. Sheffield's POD began 14 days ago and it will be lifted if no inmate tests positive of COVID-19 and no inmate shows COVID-19 symptoms. The inmates have been tested and the test results should be received by the jail medical staff on March 3 or 4, 2022. If the quarantine is lifted on Mr. Sheffield's POD, the earliest date counsel can meet with him to review and discuss the revised proposed Plea Agreement is March 3, 2022. Counsel for Mr. Sheffield believes that the revised proposed Plea Agreement will be accepted by Mr. Sheffield.

      e)    If the defendant signs the plea agreement, the parties will work with the district court to schedule a date for a change of plea hearing and vacate the June 8, 2022, status conference hearing.

3.    Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4.    The government does not object to the continuance and joins in the request.

5.    In addition to the public health concerns cited by General Orders 611, 612 and 617 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case

1  because counsel or other relevant individuals have been encouraged to telework and minimize personal
2  contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing
3  proceed. For these reasons, the court has encouraged the parties to enter this stipulation.

4       6.     Based on the above-stated findings, the ends of justice served by continuing the case as
5  requested outweigh the interest of the public and the defendant in a trial within the original date
6  prescribed by the Speedy Trial Act.

7       7.     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.,
8  within which trial must commence, the time period from January 26, 2022, to June 8, 2022, inclusive, is
9  deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it
10 results from a continuance granted by the Court at the request of the parties on the basis of the Court's
11 finding that the ends of justice served by taking such action outweigh the best interest of the public and
12 the defendant in a speedy trial.

13      8.     Nothing in this stipulation and order shall preclude a finding that other provisions of the
14 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial
15 must commence.

16      IT IS SO STIPULATED.

17 Dated: March 2, 2022                    PHILLIP A. TALBERT
18                                                 United States Attorney

19                                                 /s/ DAVID L. GAPPA
20                                                 DAVID L. GAPPA
                                                Assistant United States Attorney
21

22 Dated: March 2, 2022                    /s/ JOHN GARLAND
23                                                 JOHN GARLAND
                                                Counsel for Defendant
24                                                 MATTHEW SHEFFIELD
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MATTHEW SHEFFIELD,<br><br>　　　　　　　　　Defendant. | CASE NO.  1:19-CR-00180-DAD-BAM<br><br>FINDINGS AND ORDER<br><br>PROPOSED DATE: June 8, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

The Court has reviewed and considered the stipulation filed by the parties on March 2, 2022, and also reviewed the record of this case.  It is so ordered that the status conference is continued from March 9, 2022, to **June 8, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. <u>If the parties do not resolve the case in advance of the next status conference, they shall be prepared to set a trial date at the status conference hearing.</u>  For the reasons stated in the stipulation, the period of time from March 9, 2022, to, June 8, 2022, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **March 2, 2022**　　　　　　　　　　/s/ *Barbara A. McAuliffe*　　
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

6